IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAJUAN SAUNDERS,  :<br>Petitioner  : | |
| : | |
| vs.  : | CIVIL NO. 1:CV-13-3056 |
| : | |
| DONNA ASURE, et al.  : | (Judge Caldwell) |
| Respondents  : | |

*M E M O R A N D U M*

I. *Introduction*

Petitioner, Dajuan Saunders, an inmate at the state correctional institution in Waymart, Pennsylvania, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition challenges Saunders' conviction in the Court of Common Pleas of Lackawanna County, Pennsylvania, to a second offense of driving under the influence (DUI) of alcohol with the highest rate of blood alcohol content (BAC), at least .16% or higher. Petitioner pled guilty to the offense and was sentenced to one to five years of imprisonment.

Petitioner appears to raise new claims in his reply brief (Doc. 34) and in a document he has styled as a "supplemental response" (Doc. 36) to Respondents' answer. There is a one-year statute of limitations on filing a 2254 petition. *See* 28 U.S.C. § 2244(d)(1). We may raise the statute of limitations sua sponte. *Day v. McDonough*, 547 U.S. 198, 202, 126 S.Ct. 1675, 1679-80, 164 L.Ed.2d 376 (2006).

Because some or all of the claims presented for the first time in the reply brief and supplemental response may be barred by the statute of limitations, *see Mayle v. Felix*, 545 U.S. 644, 650, 125 S.Ct. 2562, 2566, 162 L.Ed.2d 582 (2005)(new ground for relief presented in an amended 2254 petition may be barred by the statute of limitations), we will provide Petitioner an opportunity to show that they are timely.

II. *The Reply Brief and Supplemental Response Were Filed After the Statute of Limitations Expired, and Hence the Claims Presented Therein May Be Time-Barred*

In relevant part, the one-year statute of limitations begins to run from the date the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. *See Wall v. Kholi*, ___ U.S. ___, ___, 131 S.Ct. 1278, 1283, 179 L.Ed.2d 252 (2011)(citing 28 U.S.C. § 2244(d)(1)(A)); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 410, 125 S.Ct. 1807, 1810, 161 L.Ed.2d 669 (2005). This language applies to the right to seek discretionary review in state appellate courts and means that the judgment does not become final until the time period for seeking such review expires, even if review is not sought. *See Swartz v. Meyers*, 204 F.3d 417, 421 (3d Cir. 2000).

On November 3, 2011, the trial court denied Petitioner's pro se motion for reconsideration of sentence. Petitioner did not appeal that order, so the conviction became final on December 5, 2011, the expiration of the time for taking an appeal. The limitations period therefore began running on December 5, 2011, and ran for thirty-one days until January 5, 2012, when Petitioner filed his first petition under the Pennsylvania

-2-

Post Conviction Relief Act (PCRA).  42 Pa. Con. Stat. Ann. § 9541-9546.  The limitations period stopped running on this date because it is tolled during the time "a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  28 U.S.C. § 2244(d)(2); *Swartz, supra,* 204 F.3d at 419.

On February 14, 2013, the trial court denied the PCRA petition.  Petitioner did not appeal that order.  The limitations period thus began running again on March 15, 2013, the expiration of the time for taking an appeal because statutory tolling applies to the time period for seeking state-court appellate review from the denial of postconviction relief even if such review is not sought.  *Jenkins v. Superintendent of Laurel Highlands,* 705 F.3d 80, 85 n.4 (3d Cir. 2013).

At that point, there were 335 days left in the limitations period so the deadline for filing a 2254 petition was February 13, 2014.  Under the prison mailbox rule, the 2254 petition was filed on December 9, 2013, thereby making it timely.  However, under the same rule, the reply brief was filed on November 3, 2014, and the supplemental response on December 14, 2014, making any new claims raised in those filings apparently untimely.[1]

---

[1]  Petitioner did file a second PCRA petition on August 14, 2013, but that petition was denied by the trial court on December 12, 2013, as untimely.  A PCRA petition that is filed untimely is not "properly filed" and does not toll the running of the limitations period.  *See Pace v. DiGuglielmo,* 544 U.S. 408, 417, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005).  Further, whether a state petition was untimely is a matter of state law that cannot be reconsidered by a federal habeas court.  *Satterfield v. Johnson,* 434 F.3d 185, 192 (3d Cir. 2006).

Before dismissing these claims as untimely, we will allow Petitioner an opportunity to show that they are timely. *See Day*, 547 U.S. at 210, 126 S.Ct. at 1684. The limitations period is also subject to equitable tolling. *Jenkins, supra,* 705 F.3d at 88-89. For equitable tolling to apply, the petitioner must show two things: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010)(quoted case omitted). The determination is made on a case-by-case basis. *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013). Equitable tolling can occur in several circumstances. *See Jenkins*, 705 F.3d at 88-91; *Urcinoli v. Cathel*, 546 F.3d 269, 273 (3d Cir. 2008); *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir. 1999).

There is also an equitable exception to the statute of limitations established in *McQuiggin v. Perkins,* ___ U.S. ___, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013). In *McQuiggin,* the Supreme Court held that a convincing claim of actual innocence overcomes the bar of the statute of limitations. *Id.* at ___, 133 S.Ct. at 1928. On an actual innocence claim, "a petitioner must demonstrate two things . . . . First, a petitioner must present new, reliable evidence that was not presented at trial. *Schlup [v. Delo* ], 513 U.S. [298,] 324, 115 S.Ct. [851,] 865, [130 L.Ed.2d 808 (1995]. Second, a petitioner must show by a preponderance of the evidence, "'that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.' *Id.* at 327, 115 S.Ct. at 867." *Houck v. Stickman,* 625 F.3d 88, 93 (3d Cir. 2010). The court

examines not just the new evidence but the old evidence as well. *House v. Bell,* 547 U.S. 518, 538, 126 S.Ct. 2064, 2077, 165 L.Ed.2d 1 (2006). "[A]ctual innocence requires a showing of factual innocence, not mere legal insufficiency." *Sweger v. Chesney,* 294 F.3d 506, 523 (3d Cir. 2002).

Finally, another way of showing that the new claims are timely would be to establish under Fed. R. Civ. P. 15(c)(2) that they relate back to the claims raised in the 2254 petition. *See Mayle v. Felix*, 545 U.S. 644, 125 S.Ct. 2563, 163 L.Ed.2d 582 (2005). A claim will not relate back if "it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 650, 125 S.Ct. at 2566. The claim will relate back if there is "a common 'core of operative facts.'" *Id.* at 659, 125 S.Ct. at 2572.

III. *The Original Claims and the New Claims*

To assist Petitioner, we set forth our understanding of the claims set forth in the 2254 petition and those set forth in the reply brief and supplemental response.

The petition raises the following claims for relief. First, the sentence violates the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment because Petitioner did not receive the drug and alcohol evaluation that state law required be performed before he was sentenced. Second, the trial court lacked subject-matter jurisdiction over the case because Petitioner had never been given a copy of the "criminal affidavit" against him so that he could have known how his rights were violated. Third, trial counsel was ineffective in not providing Petitioner with a requested

-5-

copy of the "affidavit of probable cause," by which we assume Petitioner means the "criminal affidavit" against him. Fourth, Petitioner's guilty plea is invalid for two reasons: (1) there was no subject-matter jurisdiction based on the lack of service of the criminal affidavit; and (2) Petitioner waived his right to a preliminary hearing in return for a plea of guilty to a first offense DUI, but at the guilty plea hearing it was changed to a second offense DUI with no amendment prior to the plea or the change being placed being placed on the record.

In his reply brief and in the "supplemental response" to Respondents' answer, Petitioner made the following claims. His guilty plea was invalid for the following reasons. First, neither his trial counsel nor the court told Petitioner he had the right to a jury trial. Second, the court never told Petitioner the Commonwealth: (1) had to prove that his BAC was at least .16% within two hours of driving; and (2) had to prove he had driven, operated and was in physical control of a motor vehicle, essential elements of the offense. Third, neither the court nor counsel told Petitioner his BAC had to be taken within two hours of driving. In fact, counsel told him there was no time limitation on drawing blood. Fourth, the written guilty-plea form was not filled out with Petitioner present, and Petitioner did not sign the form or initial it on the last page. Fifth, the elements of the offense on the written guilty-plea form are for 75 Pa. Con. Stat. Ann. § 3802(a)(1), which makes it illegal to operate a motor vehicle after having imbibed sufficient alcohol to render the defendant "incapable of safely driving," but the guilty-plea hearing dealt with an offense under 75 Pa. Con. Stat. Ann. § 3802(a)(2), which requires a

BAC above .16%. Further, the court asked Petitioner if he had driven "above the legal limit," not if he had driven when his BAC was above .16%. Sixth, Petitioner did not understand the nature of the charge he was pleading guilty to because he did not receive the criminal complaint against him. Seventh, trial counsel was ineffective in advising him to plead guilty not knowing that the DUI license suspension charge had a 30-day limitations period that expired before the preliminary hearing so that the Commonwealth should not have been able to offer to dismiss that charge in return for the guilty plea to the DUI offense.

In his reply brief and supplemental response, Petitioner also made the following claims of ineffective assistance of counsel. First, trial counsel did not know about the sentencing law. Second, he did not file a requested post-sentence motion or help Petitioner perfect a direct appeal. Third, he did not allow Defendant to see the criminal complaint so that Petitioner could see if the complaint was filed within five days of his release as required by Pa. Rule Crim. P. 519(B)(2). The delay in filing prejudiced Petitioner as the passenger in his car could not be located and he wanted to call the passenger as a witness. Fourth, he allowed Petitioner to plead guilty to an offense charged in a criminal complaint which failed to allege that the BAC was the result of a test done on whole blood, or part of whole blood with conversion to whole blood as required.

In his supplemental brief, Petitioner also makes a due process claim that the Commonwealth provided false testimony at the guilty-plea hearing that Petitioner had

driven with a BAC above .206% when it knew that the blood reading was invalid because the blood had been drawn outside the two-hour limit.

In his reply brief, Petitioner argues the Commonwealth breached the plea agreement it had made with him that it would drop the charge of driving with a suspended license in return for a plea to DUI first offense when Petitioner pled guilty to DUI second offense. In support, Petitioner contends he did not sign a new plea agreement, and he did not sign the written guilty-plea form, initial it on the last page, or go over it with his counsel. In his reply brief, Petitioner argues that his sentence violates equal protection because other defendants similarly situated do not receive five-year sentences when no accident resulted from the DUI offense and when they received the drug and alcohol evaluation required by state law.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: January 12, 2015