UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAJUAN SAUNDERS,           :
    Petitioner                        :
                                           :
    vs.                                   :  CIVIL NO. 1:CV-13-3056
                                           :
DONNA ASURE, et al.,          :
    Respondents                    :

*M E M O R A N D U M*

*I.*    *Background*

Petitioner, Dajuan Saunders, an inmate at the state correctional institution in Waymart, Pennsylvania, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). The petition challenges Saunders' conviction in the Court of Common Pleas of Lackawanna County, Pennsylvania, to a second offense of driving under the influence (DUI) of alcohol with the highest rate of blood alcohol content (BAC), at least 0.16% or higher. (Id.). Petitioner pled guilty to the offense and was sentenced to one to five years of imprisonment.

The petition raises four grounds for relief. First, the sentence violates the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment because Petitioner did not receive the drug and alcohol evaluation that state law required be performed before he was sentenced. (Id. at 5). Second, the trial court lacked subject-matter jurisdiction over the case because Petitioner had never been given a copy of the "criminal affidavit" against him so that he could have known how his rights were violated. (Id. at 7). Third, trial counsel was ineffective in not providing Petitioner with a requested

copy of the "affidavit of probable cause," by which we assume Petitioner means the "criminal affidavit" against him. (Id. at 8). Fourth, Petitioner's guilty plea is invalid for two reasons: (1) there was no subject matter jurisdiction based on the lack of service of the criminal affidavit; and (2) Petitioner waived his right to a preliminary hearing in return for a plea of guilty to a first offense DUI, but at the guilty-plea hearing it was changed to a second offense DUI. (Id. at 10).

Following receipt of Respondents' answer, Petitioner filed a reply brief, (Doc. 34), and a document he styled as a "supplemental response." (Doc. 36). These documents contain fourteen additional claims. On January 12, 2015, we issued a memorandum opinion in which we *sua sponte* raised the issue of whether the new claims were raised outside the one-year statute of limitations for filing § 2254 petitions. (Doc. 38). We found they were. (Doc. 38 at 3). Before dismissing the claims, however, we provided Petitioner an opportunity to demonstrate that they were nevertheless timely. (Doc. 38 at 4-5). On February 2, 2015, Petitioner filed a brief in response to our order. (Doc. 40). He argues that most of the claims raised in his reply brief and supplemental response relate back to those originally made in his § 2254 petition. (Doc. 40).

II.        *Discussion*

An amendment "relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." FED. R. CIV. P. 15(c)(1)(B); see 28 U.S.C. § 2242 (stating that habeas petitions "may be amended or

supplemented as provided in the rules of procedure applicable to civil actions).  As interpreted by the Supreme Court, this requires "the existence of a common 'core of operative facts' uniting the original and newly asserted claims."  Mayle v. Felix, 545 U.S. 644, 659 (2005).  To determine if a common core of operative facts exists, courts look "to whether the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds."  Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 310 (3d Cir. 2004).  Thus, new claims will relate back if they "restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction or occurrence in the preceding [petition]."  Id.  If, however, a new claim "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth[,]" the claim will not relate back.  Mayle, 545 U.S. at 650.

      Of his fourteen new claims, Petitioner admits that the following four do not relate back: (1) his trial counsel was ineffective because he did not know about the sentencing law; (2) his trial counsel was ineffective because he allowed Petitioner to plead guilty to an offense charged in the criminal complaint which failed to allege that the BAC was the result of a test done on whole blood, or part of whole blood with conversion to whole blood; (3) his trial counsel was ineffective because he did not file a requested post-sentence motion or help Petitioner perfect a direct appeal;[1] and (4) his sentence

---

1. In his brief, Petitioner states that if this claim was not included as the last sentence of his first ground for relief, the claim does not relate back.  (Doc. 40 at 6).  Our review of the original petition finds no such sentence.

violates the equal protection clause because similarly situated defendants did not receive five-year sentences. (Doc. 40 at 6-7). Because Petitioner admits that these claims do not relate back, we will dismiss them as untimely.

Conversely, Respondents admit that four of Petitioner's claims do relate back. First, Respondents agree that the following three claims relate back to ground two of the original petition: (1) the court never told Petitioner that the Commonwealth had to prove (a) that his BAC was at least 0.16% within two hours of driving and (b) that he had driven, operated and was in physical control of a motor vehicle; (2) neither the court nor counsel told Petitioner his BAC had to be taken within two hours of driving; and (3) Petitioner did not understand the nature of the charge he was pleading guilty to because he did not receive the criminal complaint against him. (Doc. 41 at 4-6). Additionally, Respondents agree that one of Petitioner's claims – that the Commonwealth breached the plea agreement – relates back to ground four of the original petition. (Doc. 41 at 8). Because Respondents admit that these four claims do relate back, we find that they were timely filed.

The remaining six claims require us to resolve disputes between the parties. Petitioner identifies three claims he asserts relate back to ground three of his original petition. First, he argues that trial counsel was ineffective in advising him to plead guilty not knowing that the DUI license suspension charge had a 30-day limitations period that expired before the preliminary hearing. Since this claim is premised on the advice of trial counsel at the plea stage, while ground three is premised on counsel's

failure to supply Petitioner with the criminal complaint at the outset of the case, the supporting facts of the two claims differ in time and type. Accordingly, this claim does not relate back.

Second, Petitioner claims that his trial counsel was ineffective because he did not allow Defendant to see the criminal complaint so that Petitioner could see if the complaint was filed within five days of his release. Like ground three, the core of this claim is counsel's failure to provide Petitioner with a copy of the criminal complaint. It simply restates ground three with greater particularity. Therefore, Respondents had fair notice of the factual situation and legal theory on which this claim rests. Accordingly, this claim relates back to ground three of the original petition.

Third, Petitioner asserts that the Commonwealth provided false testimony at the guilty-plea hearing. He claims that the Commonwealth testified he had driven with a BAC above 0.206% when it knew that the blood reading was invalid because it had been drawn outside the two-hour limit. Because the Commonwealth's testimony has no correlation to trial counsel's failure to provide Petitioner with a copy of the complaint, this claim does not relate back to ground three.[2]

---

2. Petitioner also argues that this claim is timely because it is subject to the actual innocence exception established in McQuiggin v. Perkins, 133 S. Ct. 1924 (2013). Pursuant to this exception, a convincing claim of actual innocence overcomes a statute of limitations bar. Id. at 1928. To demonstrate actual innocence, a petitioner must show: (1) new, reliable evidence not presented at trial; and (2) that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence. Houck v. Stickman, 625 F.3d 88, 93 (3d Cir. 2010). "[A]ctual innocence requires a showing of factual innocence, not mere legal insufficiency." Sweger v. Chesney, 294 F.3d 506, 523 (3d Cir. 2002). Here, Petitioner claims that the criminal complaint is new evidence, and because the blood was drawn outside the two hour limit, he would not

Petitioner argues that the final three claims relate back to ground four of the original petition.  First, Petitioner claims that the elements of the offense on the written guilty-plea form were for 75 PA. CONS. STAT. § 3802(a)(1), but the guilty-plea hearing dealt with an offense under § 3802(a)(2).  This claim does not relate back.  It is concerned with the particular section of the Pennsylvania Vehicle Code to which Petitioner plead guilty.  Ground four is premised on the service of the complaint and whether Petitioner's DUI was his first or second offense.  Therefore, the supporting facts of this claim differ in type from those that support ground four.

Petitioner's outstanding claims are as follows: (1) his guilty-plea form was not filled out in his presence, and the form was not signed or initialed by Petitioner; and (2) neither the court nor his trial counsel advised him of his right to trial.  Again, neither of these claims are predicated on the service of the criminal complaint or whether Petitioner's DUI was his first or second offense.  Accordingly, these claims do not relate back to ground four.

*III.*        *Conclusion*

For the reasons discussed above, we find that five claims raised in Petitioner's reply brief and supplemental response relate back to his original petition: (1) the court never told Petitioner that the Commonwealth had to prove (a) that his BAC was at least 0.16% within two hours of driving and (b) that he had driven, operated and was in

---

have been convicted.  (Doc. 40 at 4-5).  Petitioner's argument, however, is based on legal insufficiency, not factual innocence.  Accordingly, the actual innocence exception does not apply.

physical control of a motor vehicle; (2) neither the court nor trial counsel told Petitioner his BAC had to be taken within two hours of driving; (3) Petitioner did not understand the nature of the charge he was pleading guilty to because he did not receive the criminal complaint against him; (4) the Commonwealth breached the plea agreement it made with Petitioner; and (5) Petitioner's trial counsel was ineffective because he did not allow Defendant to see the criminal complaint so that Petitioner could see if it was filed within five days of his release.  Combined with his four original claims, Petitioner has nine claims.  We will dismiss the remaining claims as untimely.  Our finding of relation back, however, does not speak to the merits of any of Petitioner's claims.  Before we can reach the merits of his claims, Petitioner must prove that he has exhausted his state remedies. 28 U.S.C. § 2254(b)(1); Coady v. Vaughn, 251 F.3d 480, 488 (3d Cir. 2001). Accordingly, we will give Petitioner twenty-one (21) days from the date of this order to demonstrate he has exhausted his state remedies for all nine of his claims.  We will issue an appropriate order.

      /s/William W. Caldwell
      William W. Caldwell
      United States District Judge