IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAJUAN SAUNDERS,                          :
　　　　　　　　Petitioner              :
　　　　　　　　　　　　　　　　　　　:
　　　vs.                                  :    CIVIL NO. 1:CV-13-3056
　　　　　　　　　　　　　　　　　　　:
DONNA ASURE, et al.                       :    (Judge Caldwell)
　　　　　　　　Respondents             :
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:

*M E M O R A N D U M*

I.  *Introduction*

　　　　　Petitioner, Dajuan Saunders, an inmate at the state correctional institution in Waymart, Pennsylvania, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The petition challenges Saunders' conviction in the Court of Common Pleas of Lackawanna County, Pennsylvania, of driving under the influence (DUI) of alcohol with the highest rate of blood alcohol content, at least .16% or higher, a violation of 75 Pa. Cons. Stat. Ann. § 3802(c).  This was his second DUI offense.  Petitioner pled guilty to the offense and was sentenced to one to five years of imprisonment.

　　　　　Presently we are examining whether Petitioner's Ground Six provides a basis for relief.  Ground Six is a claim that trial counsel was ineffective in not advising Petitioner before he pled guilty that in order to convict him of the section 3802(c) offense, his blood alcohol content (BAC) had to have been taken within two hours of driving.  This claim was never presented to the state courts and is therefore procedurally defaulted.

For the reasons set forth below, the procedural default is excused, and the claim is considered on the merits.  Since the claim is meritorious, we will grant habeas relief.

II.   *Discussion*

We determined from the petition and Saunders' subsequent filings that he had timely presented nine grounds for relief.  *Saunders v. Asure*, 2015 WL 3737166 (M.D. Pa. Jun. 15, 2015).  In a memorandum and order dated December 3, 2015, we decided that eight of the grounds would not be successful.  *Saunders v. Asure*, 2015 WL 7776627 (M.D. Pa. Dec. 3, 2015).  However, we decided that relief might be available on Ground Six, but that further briefing was required on whether Petitioner could excuse the procedural default of this claim.

Our analysis is more fully set forth in the December 3, 2015, memorandum. Briefly, Ground Six had been procedurally defaulted in state court, and we examined whether the default could be excused under *Martinez v. Ryan*, ___ U.S. ___, ___, 132 S.Ct. 1309, 1318, 182 L.Ed.2d 272 (2012).  Under *Martinez*, a petitioner can establish cause to excuse a default if: (1) postconviction counsel at the initial review collateral proceedings was ineffective under the standards set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and (2) the underlying claim of ineffective assistance of trial counsel "is a substantial one," meaning "the claim has some merit."  *Martinez*, ___ U.S. ___, 132 S.Ct. at 1318.  *See also Glenn v. Wynder*, 743 F.3d 402, 410 (3d Cir. 2014).

We concluded there was some merit to the underlying claim of trial-counsel ineffectiveness.  The blood sample was drawn eight minutes after the expiration of the two-hour period set forth in section 3802(c).[1]  In these circumstances, the Commonwealth had to establish good cause for the late draw if it was going to convict Petitioner of the offense.  *Saunders*, 2015 WL 7776627, at *11-12 (citing in part *Commonwealth v. Bradwell*, 2015 Pa. Super. Unpub. Lexis 435, at *13 (Pa. Super. Ct. 2015) (nonprecedential)).  We rejected Respondents' argument that a mere eight-minute delay could be good cause.  *Saunders*, 2015 WL 7776627, at *14.  We also decided that Respondents' description of the time line of events did not establish good cause, as it sometimes could if the time line established good reason for the delay.  *Saunders*, 2015 WL 7776627, at *14-15.  We therefore concluded that the second prong of the *Martinez* analysis had been satisfied.

We also found that the first prong of the cause analysis, whether PCRA counsel was ineffective under *Strickland* in the first PCRA proceedings, was satisfied, as in the absence of good cause for the delay, PCRA counsel's conduct was deficient in not raising trial counsel's failure to raise the lack of good cause.  Further, for the same reason, *Strickland*'s second prong was satisfied as it appeared that the outcome of the PCRA proceedings would have been different if trial counsel's ineffectiveness had been raised there.  *Saunders*, 2015 WL 7776627, at *15.

---

[1]  Section 3802(c), the DUI offense described as "highest rate of alcohol," applies in relevant part, if "the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has" driven a motor vehicle.  *Id.*

Petitioner had thus shown cause for his procedural default, but to excuse that default he also had to show prejudice.  *See Lines v. Larkins*, 208 F.3d 153, 166 (3d Cir. 2000)(the petitioner must show cause and prejudice).  We decided that to show prejudice in this context Petitioner had to "'show that there [was] a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"  *Saunders*, 2015 WL 7776627, at *15 (quoting *United States v. Bui*, 795 F.3d 363, 367 (3d Cir. 2015)(quoted case omitted)).

Petitioner had not argued prejudice.  By order dated December 3, 2015, we granted him leave to file a supplemental brief addressing whether he could establish prejudice by showing there is a reasonable probability he would not have pleaded guilty if trial counsel had told him that the blood had to have been drawn within two hours of driving.  We allowed Respondents to file an opposition brief, in which they could also have raised any other arguments why Ground Six lacked merit or that Petitioner was otherwise not entitled to relief on the claim.  The parties have complied with the order, and so we consider whether Petitioner has shown he was prejudiced by trial counsel's ineffectiveness, which would allow us in turn consider Ground Six on the merits.

Petitioner argues he was prejudiced by trial counsel's failure to advise him about the two-hour requirement because he would not have pled guilty to a DUI offense where the Commonwealth could not establish that requirement, arguing the great possibility of a lesser sentence and citing *United States v. Smack*, 347 F.3d 533, 540 (3d Cir. 2003)("The reasonable probability of any decrease in Smack's sentence would

establish prejudice.").  Respondents do not disagree with this argument, conceding

prejudice when it is "[c]onsider[ed] that Petitioner's blood was not drawn within the two-

hour period, that Petitioner was not aware of this at the time he pled guilty, and that this

Court has already rejected Respondents' argument for good cause . . . ."  (Doc. 60, ECF

p. 3).

We conclude that Petitioner has established prejudice, that he has shown a

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and

would have insisted on going to trial.  We agree with Petitioner there was no reason to

plead guilty to a section 3802(c) offense when the Commonwealth could not have

established one of the requisites of the offense, a blood draw within two hours of driving

or operating the motor vehicle, or alternatively, good cause for not meeting the two-hour

deadline.  The two-hour requirement also applies to other section 3802 DUI offenses,

sections 3802(b) and 3802(a)(2).  The only DUI offense it does not apply to is section

3802(a)(1), which makes it unlawful to drive, operate or control a motor vehicle "after

imbibing a sufficient amount of alcohol such that the individual is rendered incapable of

safely driving . . . ."[2]  Petitioner could conceivably have agreed to plead guilty to a section

---

[2] Section 3802 defines four different DUI offenses for the operation of an automobile.
The first two are described as "general impairment" offenses.  In relevant part, they make it
illegal to operate a motor vehicle "after imbibing a sufficient amount of alcohol" if: (1) "the
individual is rendered incapable of safely driving," section 3802(a)(1); or (2) "the alcohol
concentration in the individual's blood or breath is at least 0.08% but less than 0.10% within
two hours after the individual has" operated the motor vehicle.  § 3802(a)(2). The third offense
is described as "high rate of alcohol," and applies, in relevant part, if "the alcohol concentration
in the individual's blood or breath is at least 0.10% but less than 0.16% within two hours after
the individual has" operated a motor vehicle.  § 3802(b). The fourth offense is described as
"highest rate of alcohol," and applies in relevant part, if "the alcohol concentration in the

3802(a)(1) offense, which appears to have a maximum sentence of six months' imprisonment for a defendant with one prior DUI offense.  See 75 Pa. Cons. Stat. Ann. §§ 3803(a)(1), 3806(a).

Since Petitioner has shown both cause and prejudice, he has excused his procedural default of Ground Six, and we may examine it on the merits.  In doing so, we conclude the claim has merit.  *Strickland, supra,* sets forth a two-prong test to establish ineffectiveness.  First, counsel's performance must be deficient.  *Jacobs v. Horn,* 395 F.3d 92, 102 (3d Cir. 2005)(citing *Strickland*).  Second, counsel's deficient performance must have prejudiced the defense.  *Id.* (quoting *Strickland*).  Here, we have already determined in the context of the *Martinez* analysis that trial counsel's performance was deficient and that it prejudiced Petitioner.  We will therefore vacate the conviction.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: February 12, 2016

---

individual's blood or breath is 0.16% or higher within two hours after the individual has" operated a motor vehicle.  § 3802(c).